IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-52-D
No. 5:19-CV-179-D

| | |
|---|---|
| DENNIS WAYNE HILL, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

On June 25, 2018, Dennis Wayne Hill ("Hill") moved to correct his 87-month sentence [D.E. 38].[1] On May 2, 2019, Hill moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 87-month sentence [D.E. 43]. On June 24, 2019, the government moved to dismiss Hill's motions [D.E. 47] and filed a supporting memorandum [D.E. 48]. As explained below, the court grants the government's motion to dismiss.

I.

On June 2, 2015, pursuant to a written plea agreement, Hill pleaded guilty to receiving and possessing a firearm which is not registered in the national firearms registration and transfer record [D.E. 8, 26, 27]. On September 1, 2015, the court held Hill's sentencing hearing. See [D.E. 32]. The court calculated Hill's total offense level to be 23, his criminal history category to be IV, and his advisory guideline range to be 70 to 87 months' imprisonment. See [D.E. 35] 1. After considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hill to 87 months'

---

[1] The court interprets Hill's motion to correct his sentence as a motion under 28 U.S.C. § 2255.

imprisonment. See [D.E. 34] 2. Hill did not appeal.

In Hill's section 2255 motion, he alleges that his lawyer did not provide instruction concerning what he could and could not do, and that his lawyer improperly failed to object to a four-level enhancement under U.S.S.G. § 2K2.1(b)(4)(B). See [D.E. 43] 3–9. The government disagrees and has moved to dismiss Hill's motion for failure to state a claim upon which relief can be granted. See [D.E. 47, 48].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

2

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A defendant must file a criminal appeal within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal his judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

On September 4, 2015, the court entered Hill's judgment of conviction. See [D.E. 34]. Under Clay, his judgment became final on September 18, 2015, and his period within which to file a section 2255 motion ended on September 18, 2016. See, e.g., Clay, 537 U.S. at 532. Hill, however, did not file his section 2255 motion until June 25, 2018. See [D.E. 38, 43]. Thus, Hill's section 2255 motion is untimely under section 2255(f). Furthermore, Hill has not plausibly alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that could not

3

have been discovered earlier through the exercise of due diligence. Accordingly, the court dismisses Hill's section 2255 motions as untimely under section 2255(f).

Alternatively, Hill's plea agreement contains an appellate waiver. See [D.E. 27] ¶ 2(c). In the waiver, Hill agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Hill's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Hill's claims fall within the appellate waiver. Accordingly, the waiver bars his claims.

Alternatively, Hill procedurally defaulted his claims by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Hill from presenting the claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Moreover, Hill has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247

4

F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Thus, the claims fail.

After reviewing the claims presented in Hill's motions, the court finds that reasonable jurists would not find the court's treatment of Hill's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 47], DISMISSES Hill's motion to amend judgment [D.E. 38], DISMISSES Hill's section 2255 motion [D.E. 43], and DENIES a certificate of appealability.

SO ORDERED. This 10 day of August 2020.

JAMES C. DEVER III
United States District Judge